UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,       Case No. 00-cr-90036-1
                                             Hon. Matthew F. Leitman

v.

RILEY TROY GRAHAM,

    Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF No. 726)

Defendant Riley Troy Graham is a prisoner who is currently incarcerated at FCI Beaumont Low. On May 27, 2020, Graham filed a Motion for Compassionate Release (ECF No. 726). The Government responded on June 16, 2020. (*See* Resp., ECF No. 728.)

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may not file a motion for compassionate release until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Graham does not claim in his motion that he has submitted a request for compassionate release to the warden at FCI Beaumont Low or that 30 days have lapsed from the warden's receipt

1

of such a request. And Graham acknowledges that he has not exhausted his administrative remedies. (*See* Mot. for Compassionate Release, ECF No. 726, PageID.5391.) Graham, however, says that he faces a heightened risk of severe consequences if he contracts COVID-19, and he asks the Court to waive the exhaustion requirement "given the extreme immediacy of the need to seek judicial relief in these circumstances." (*Id.*)

On June 2, 2020 – six days after Graham filed his motion – the Sixth Circuit clarified that the exhaustion requirement in § 3582(c)(1)(A) is "mandatory" and is not subject to any "judge-made exceptions." *United States v. Alam*, --- F.3d ---, 2020 WL 2845694, at *2–4 (6th Cir. June 2, 2020). Thus, before Graham can file a motion for compassionate release in this Court, he must either (1) exhaust his administrative remedies or (2) wait until 30 days have lapsed since the warden at his facility received his request for compassionate release.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Graham's Motion for Compassionate Release (ECF No. 726). Graham may re-file a motion for compassionate release in this Court after he has complied with § 3582(c)(1)(A), at which point the Court will consider the merits of Graham's motion.

**IT IS SO ORDERED**.

                                                s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: June 18, 2020

3

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 18, 2020, by electronic means and/or ordinary mail.

                                        s/Holly A. Monda
                                        Case Manager
                                        (810) 341-9761