UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 5:00-cr-90036
    Hon. Matthew F. Leitman

D1, RILEY TROY GRAHAM,

    Defendant.
_____/

## ORDER (1) VACATING ORDER TO SHOW CAUSE (ECF No. 733), (2) DENYING DEFENDANT'S MOTION TO VACATE SENTENCE (ECF No. 731), AND (3) DENYING CERTIFICATE OF APPEALABILITY

On May 26, 2005, Defendant Riley Troy Graham pleaded guilty to engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 and conspiring to launder monetary instruments in violation of 18 U.S.C. § 1956 pursuant to a Rule 11 Plea Agreement. (*See* Plea Agmt., ECF No. 434.) The Court thereafter sentenced Graham to 240 months in prison. (*See* Judgment, ECF No. 506.) Graham appealed, and the United States Court of Appeals for the Sixth Circuit affirmed his convictions. *See United States v. Graham*, 278 F. App'x 538, 546 (6th Cir. 2008).

Graham has now filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (*See* Mot., ECF No. 731.) He filed that motion on August 21, 2020, more than fourteen years after he was sentenced, and more than twelve years after the

1

Sixth Circuit affirmed his convictions on direct review. Ordinarily, a motion filed under Section 2255 must be filed within one year from the date on which the judgment of conviction became final. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section"). *See also Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) (affirming denial of Section 2255 motion because it was not timely filed). And "[a]s a general matter, convictions become final upon conclusion of direct review." *Id.* at 426. Thus, "when a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed." *Id.*

On August 28, 2020, the Court ordered Graham to show cause and explain why it should not dismiss his motion as untimely filed. (*See* Show Cause Order, ECF No. 733.) The Court directed Graham to file his response by no later than November 30, 2020. (*See id.*) On that date, Graham filed a response that (1) attacked the merits of his conviction and (2) asked for an additional 15 days to "fully brief the issues" that the Court had raised in the show cause order. (Resp., ECF No. 740, PageID.5598.) Graham did not attempt to explain why his motion was timely.

The Court granted Graham's requested extension and provided him substantially more time to file a full response than he requested. (*See* Order, ECF

No. 741.) It ordered him to file his full response by no later than February 15, 2021. (*See id.*)

Graham then filed a second response to the Court's show cause order. (*See* Resp., ECF No. 742.) Like Graham's initial response, Graham's second filing made no effort to explain how his motion was timely. Nor did it explain why Graham may be entitled to toll the applicable statute of limitations. The only element of Graham's response that was even potentially responsive to the Court's show cause order was his contention that that it had taken him "eighty thousand hours of legal research … to reveal that there is no law involved in this entire prosecution." (*Id.* at ¶4, PageID.5910.) But that does not provide a basis to excuse an otherwise untimely filing. Simply put, Graham has not given the Court any basis to conclude that his motion was timely filed. The Court will therefore deny his motion.

Finally, Graham may not appeal the Court's decision unless the Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is met when "reasonable jurists could debate whether ... the petition should have been resolved in a different manner." *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, reasonable jurists would not debate the Court's conclusion that Graham is not

entitled to the relief he seeks. Thus, a certificate of appealability is not warranted in this case.

Accordingly, for all of the reasons explained above, **IT IS HEREBY ORDERED** that (1) the Court's show cause order (ECF No. 733) is **VACATED,** (2) Graham's motion to vacate his sentence (ECF No. 731) is **DENIED**, and (3) a Certificate of Appealability is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 2, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 2, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764